**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6214**

EUGENE N. DUNSTON,

            Plaintiff - Appellee,

      v.

SHERIFF DONNIE HARRISON, in his official and individual
capacities; MICHAEL J. HAYES, Wake County Sheriff's Office
Detention Officer, in his individual capacity; WACO
DOUGLAS, JR., Former Wake County Sheriff's Office Detention
Officer, in his individual capacity; OHIO CASUALTY
INSURANCE COMPANY, as surety; DUANE D. GREENFIELD, Wake
County Sheriff's Office Detention Officer, in his
individual capacity,

            Defendants - Appellants.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Fox, Senior
District Judge.  (5:11-cv-00747-F)

Argued:  October 28, 2014          Decided:  November 18, 2014

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED**: James Nicholas Ellis, POYNER SPRUILL LLP, Rocky Mount,
North Carolina, for Appellants.  Eric Laurence Doggett, DOGGETT
LAW OFFICES, Raleigh, North Carolina, for Appellee.  **ON BRIEF**:

Caroline P. Mackie, POYNER SPRUILL LLP, Raleigh, North Carolina, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Dunston (Dunston) brought this 42 U.S.C. § 1983 action against Waco Douglas, Jr. (Officer Douglas) and Duane Greenfield (Lieutenant Greenfield) (collectively the Appellants), among others not relevant in this appeal. Dunston alleges, inter alia, that the use of excessive force on three separate occasions--one involving Officer Douglas and two involving Lieutenant Greenfield--violated his rights under the Due Process Clause of the Fourteenth Amendment. On the date of the incidents in question, September 25, 2010, the Appellants were employees of the Wake County, North Carolina Sheriff's Department assigned to the Wake County Detention Center (WCDC), and Dunston was a pretrial detainee at the WCDC.

The Appellants moved for summary judgment on Dunston's due process claims, raising the defense of qualified immunity. The district court held that the Appellants were not entitled to qualified immunity because Dunston had shown the existence of a genuine issue of material fact as to whether the Appellants had violated his Fourteenth Amendment rights. In the district court's view, a jury could conclude, based on the evidence viewed in the light most favorable to Dunston, that unnecessary and wanton pain and suffering was inflicted upon him on each occasion in question. See Carr v. Deeds, 453 F.3d 593, 605 (4th Cir. 2006) (noting that, under the Fourteenth Amendment, a

- 3 -

pretrial detainee must show that the defendant inflicted unnecessary and wanton pain and suffering upon him).  On appeal, the Appellants challenge the district court's denial of their motion for summary judgment on Dunston's due process claims.

Having reviewed the parties' submissions, the district court's opinion, and the applicable law, and having heard oral argument, we conclude that the district court correctly denied the Appellants' motion for summary judgment on Dunston's due process claims.  Accordingly, we affirm on the reasoning of the district court's comprehensive opinion.  <u>Dunston v. Harrison</u>, No. 5:11-cv-747-F, 2014 WL 126047 (E.D.N.C. January 14, 2014).

<u>AFFIRMED</u>